IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

JUNE 1998 SESSION

FILED

July 17, 1998

Cecil W. Crowson
Appellate Court Clerk

TWANDA D. WARD,          )
                        )      NO. 01C01-9707-CC-00242
        Appellant,      )
                        )      MONTGOMERY COUNTY
VS.                     )
                        )      HON. JOHN H. GASAWAY, III,
STATE OF TENNESSEE,     )      JUDGE
                        )
        Appellee.       )      (Post-Conviction)

FOR THE APPELLANT:

GREGORY D. SMITH
(Appeal Only)
One Public Square, Suite 321
Clarksville, TN 37040

COLLIER W. GOODLET
(Hearing and Appeal)
Assistant Public Defender
109 South Second Street
Clarksville, TN 37040

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

LISA A. NAYLOR
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN  37243-0493

JOHN WESLEY CARNEY, JR.
District Attorney General

ARTHUR F. BIEBER
Assistant District Attorney General
204 Franklin Street, Suite 200
Clarksville, TN 37040-3420

OPINION FILED: _____

AFFIRMED

JOE G. RILEY,
JUDGE

**OPINION**

The petitioner, Twanda D. Ward, appeals the dismissal of her petition for post-conviction relief. The petitioner was convicted of the first degree murder of her husband for which she was sentenced to life imprisonment. She was also convicted of aggravated arson and given a concurrent twenty (20) year sentence. The sole issue for our review is whether trial counsel was ineffective for failing to present evidence of "battered woman syndrome." The judgment of the trial court is affirmed.

**PROCEDURAL HISTORY**

The petitioner was convicted by a jury in 1989 of first degree murder and aggravated arson. This Court affirmed the convictions on direct appeal. State v. Twanda D. Ward, C.C.A. No. 89-215-III, Montgomery County (Tenn. Crim. App. filed August 3, 1990, at Nashville). The Tennessee Supreme Court remanded the case to this Court with instructions to vacate the prior judgment and re-enter the same to allow the petitioner additional time to file an application for permission to appeal to the Supreme Court. *See* State v. Twanda D. Ward, C.C.A. No. 89-215-III, Montgomery County (Tenn. Crim. App. filed December 20, 1990, at Nashville). The petitioner did not file an application for permission to appeal to the Supreme Court.

In March 1993, the petitioner filed a *pro se* petition for post-conviction relief alleging ineffective assistance of counsel. That petition was timely filed under the three-year statute of limitations then in effect. *See* Tenn. Code Ann. § 40-30-102 (1990). In August 1996, the trial court held an evidentiary hearing on the matter and issued an order denying relief in February 1997. The petitioner subsequently filed a timely notice of appeal.

## INEFFECTIVE ASSISTANCE OF COUNSEL

The petitioner alleges the assistance rendered by trial counsel was ineffective for failing to seek an "extensive" psychological evaluation of the petitioner in order to present a defense based upon her extreme emotional disturbances. The petitioner's emotional disturbances were alleged to be the result of physical abuse by the victim. This is more commonly referred to as the "battered woman syndrome."

**A.**

This Court reviews a claim of ineffective assistance of counsel under the standards of Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975), and Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The petitioner has the burden to prove that (1) the attorney's performance was deficient, and (2) the deficient performance resulted in prejudice to the defendant so as to deprive him of a fair trial. Strickland v. Washington, 466 U.S. at 687, 104 S.Ct. at 2064; Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996); Overton v. State, 874 S.W.2d 6, 11 (Tenn. 1994); Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990).

The test in Tennessee in determining whether counsel provided effective assistance is whether his performance was within the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d at 936. The petitioner must overcome the presumption that counsel's conduct falls within the wide range of acceptable professional assistance. Strickland v. Washington, 466 U.S. at 689, 104 S.Ct. at 2065; Alley v. State, 958 S.W.2d 138, 149 (Tenn. Crim. App. 1997); State v. Williams, 929 S.W.2d 385, 389 (Tenn. Crim. App. 1996).

In post-conviction proceedings, the petitioner has the burden of proving the allegations contained in her petition. Butler v. State, 789 S.W.2d at 899. The trial court's findings after a post-conviction hearing are conclusive unless the evidence preponderates against the judgment. Id.

**B.**

The petitioner's trial counsel, Hugh Poland, testified that he spent sixty-seven (67) hours investigating and preparing for the petitioner's trial. Poland had the petitioner undergo a mental evaluation at the Harriet Cohn Mental Health Center, where she was found sane at the time of the offense and competent to stand trial. There was no evidence introduced at the post-conviction hearing that the petitioner suffered from any mental disease or defect that additional psychiatric testing would have revealed; therefore, the petitioner has failed to show prejudice. *See* Davis v. State, 912 S.W.2d 689, 698 (Tenn. 1995).

The petitioner testified at the post-conviction hearing that she argued with the victim over his purchase of a new car. That purchase caused the defendant to become so angry she bought some gasoline, tied the victim to his bed, poured the gasoline over him, and set him on fire. The petitioner stated the new car purchase "just took me over the edge." She further testified that the victim was physically abusive to her on only two (2) occasions.

**C.**

The petitioner has failed to meet her burden. Even if counsel had argued "battered woman syndrome" as a defense, the petitioner has not shown a reasonable probability that the defense would have been successful. The petitioner, in a cool and calculated manner, tied the victim up, doused him with gasoline, and set him on fire. The petitioner's own testimony reveals she killed

4

the victim because she was angry over an automobile purchase, not because she feared for her safety.

The evidence does not preponderate against the findings of the trial court. Accordingly, the judgment of the trial court is AFFIRMED.

_____
**JOE G. RILEY, JUDGE**


**CONCUR:**


_____
**CURWOOD WITT, JUDGE**



_____
**R. LEE MOORE, JR., SPECIAL JUDGE**

5